# United States Bankruptcy Court
## Western District of Arkansas

In re: **Robert Lee Jackson / Kimberly Ruth Jackson**, Debtor(s)

Case No.: _____
Chapter: **13**

## CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Payment to the Trustee.** Debtor shall pay $ **1,375.00** per month to the Trustee. The first payment will be made within 30 days of the filing of the petition. Payment shall be made from the source listed below:

   Name of Employer: **Direct Pay**
   Employer's Address: _____
   Employer's Phone Number: _____

   Payment is received: ☐ Weekly   ☐ Bi-Weekly   ☐ Semi-Monthly   ☑ Monthly or ☐ Other.   If Other, please specify _____

   Joint payment is received: ☐ Weekly   ☐ Bi-Weekly   ☐ Semi-Monthly   ☐ Monthly or ☐ Other.   If Other, please specify _____

   The following provision will apply if completed:

   Plan payments will increase to $ ___ per month beginning on ___.

2. **Plan Length.** The Debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors for **not less than the applicable commitment period** (unless unsecured creditors are being paid in full (100%)). The plan length shall not exceed 60 months.

   The Debtor's plan length is **60** months.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full:

   (A). **Trustee's Fees and Expenses**. Trustee shall receive a percentage fee for each receipt, the percentage of which is fixed by the United states Trustee.

   (B). **Attorney's Fees**. The attorney fee is subject to approval by separate application:
   Amount paid to attorney prior to filing: **3,000.00**
   Amount to be paid by the Trustee: **500.00**

4. **Priority Claims.**

   (A). **Domestic Support Obligations.**
   (i).   Debtor shall pay all post-petition domestic support obligations directly to the holder of the claim.
   (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   | Creditor Name | Address |
   |---|---|
   | -NONE- | |

1

(iii).   The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

  -NONE-

(iv).   **Domestic Support Obligation Arrearage Claims.**

☐ The domestic support obligation arrearage claim will be paid directly by the Debtor.
☐ The domestic support obligation arrearage claim will be paid by the Trustee as follows:

| Creditor (Name and Address) | Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|
| -NONE- | | |

(B).   **Other Priority Claims (e.g., tax claims).**  These priority claims will be paid in full.

| Creditor Name | Debt Amount |
|---|---|
| -NONE- | |

5. **Secured Claims.**

(A).   **Pre and Post-confirmation Adequate Protection Payments.**  Until such time as the plan begins level monthly paymets (as set forth herein) to the below listed creditors, the Trustee shall pay the following adequate protection payments (applicable both pre- and post-confirmation). Prior to confirmation, the Trustee shall be authorized to disburse payments upon the filing of an allowed claim by the Creditors listed below. Payment of adequate protection payments will be limited to funds available.

| Creditor Name and Last 4 Digits of Account Number | Collateral | Adequate Protection Monthly Payment Amount |
|---|---|---|
| American Airlines Credit Union 8045521420002 | 1997 Ford F250, VIN 1FTHX26F6VEB63896 Location: 3455 Township, Fayetteville AR 72703 | 20.00 |
| BBVA Compass 21006724805580 | 2014 GMC Terrain, VIN 2GKFLRE35E6377466 Location: 3455 Township, Fayetteville AR 72703 | 235.00 |
| Wells Fargo Dealer Services 5880243446 | 2013 Scion FR-S, VIN JF1ZNAA17D2710390 Location: 3455 Township, Fayetteville AR 72703 | 113.00 |

(B).   **Post-Confirmation Payments.**  Post-confirmation payments to creditors holding secured claims shall be paid as set forth below.

i.   **Claims to Which § 506 Valuation is NOT Applicable.**  Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. The following claims will be paid as follows.

2

| Creditor/<br>Collateral | Purchase<br>Date | Debt<br>Amount to<br>be Paid | Value | Interest<br>Rate | Monthly<br>Payment |
|---|---|---|---|---|---|
| BBVA Compass<br>2014 GMC Terrain, VIN 2GKFLRE35E6377466<br>Location: 3455 Township, Fayetteville AR 72703 | | 23,524.00 | 24,469.00 | 4.00% | 433.00 |
| Wells Fargo Dealer Services<br>2013 Scion FR-S, VIN JF1ZNAA17D2710390<br>Location: 3455 Township, Fayetteville AR 72703 | | 11,376.00 | 20,199.00 | 4.00% | 209.00 |

      ii.    **Other Secured Claims.** Other secured claims will retain their liens and be paid the lesser of the amount of their claim or the value of their collateral. Any amount claimed by the creditors that exceeds the value of the collateral will be treated as a nonpriority unsecured claim.

| Creditor/<br>Collateral | Purchase<br>Date | Scheduled<br>Debt<br>Amount | Value | Interest<br>Rate | Monthly<br>Payment |
|---|---|---|---|---|---|
| American Airlines Credit Union<br>1997 Ford F250, VIN 1FTHX26F6VEB63896<br>Location: 3455 Township, Fayetteville AR 72703 | | 4,449.00 | 1500.00 | 4.00% | 27.00 |

      iii.    O**ther Provisions.**

    (B).    **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain.** The Debtor proposes to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the plan, and for which the Debtor will resume payments to such creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

| Creditor/Collateral | Monthly Payment | Pre-Petition Arrearage<br>Amount | Monthly Arrearage<br>Payment |
|---|---|---|---|
| Dept of Education<br>Student Loan | 70.00 | 0.00 | 0.00 |
| FedLoan Servicing<br>Student Loan | 70.00 | 0.00 | 0.00 |

    (C).    **Surrender of Collateral.** Debtor will surrender the property securing the following claims in accordance with 11 U.S.C. § 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim. The creditor may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

| Creditor | Collateral to be Surrendered |
|---|---|

3

| Creditor | Collateral to be Surrendered |
|---|---|
| -NONE- | |

6. **Special Nonpriority Unsecured Claims.**
   The following special nonpriority unsecured claims will be paid prior to other nonpriority unsecured claims. The reason for the special treatment is stated below. Claims will be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
| -NONE- | | | | |

7. **Nonpriority Unsecured Claims.** Allowed nonpriority claims shall be paid in full (100%) unless a different treatment is indicated below:

   ☑  A definite percentage of __100%__ ;

   ☐  A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors; or

   ☐  Other. Please specify ___

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, or by the Trustee, as set forth below. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts set forth below. All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

| Creditor Name | Post-Petition Payment to be Paid Directly by Debtor, if Current (Number of Remaining Payments) | Post-Petition Payment to be Paid by Trustee | Arrearage Amount | Arrearage Monthly Payment |
|---|---|---|---|---|
| Planet Fitness | 20.00 | | | |
| Doug Jackson | (650.00) | | | |
| Ian Reynolds | (800.00) | | | |
| Caleb Johnson | (650.00) | | | |

9. **Claims That Are Not to Be Paid by the Trustee.**

The following claims are to be paid directly to the Creditor by the Debtor and not by the Trustee. These claims include home mortgage, if current; lease payments, if current; and debts actually being paid by a party (liable on the debt) other than the Debtor from property that is not property of the estate.

| Creditor | Description of Property/Nature of Obligation |
|---|---|
| **Chase First Morgage** | **Primary Residence, Lot 74, Covington Park, Phase I, a subdivision to the city of Fayetteville, Washington County Arkansas as shown on plat record in plat book 16, page 37 and re-recorded in plat book 16 at page 49, plat records of Washingto** |
| **Seterus, Inc.** | **Duplex, Lot 36, Phase I Rolling Meadows, more commonly known as 3153 and 3155 Old Missouri Rd, Fayetteville AR 72703** |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                                              Best Case Bankruptcy

10. **Other Provisions:**

    (A). **Vesting of Property of the Estate.** The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

    (B). **Secured Claims Not Provided For in the Plan.** In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

    (C). **Post Petition Debts:** A debt arising after the date of the order for relief under this chapter may be provided for in an amendment or modification of the plan pursuant to 11 U.S.C. §§1305, 1322(b)(6) and, if the creditor elects to file a proof of claim with respect to the obligation incurred post-petition, the claim may be allowed as though the claim arose before the entry of the order for relief.

    (D). **Other Provisions.** Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(11), are as follows:

1. To receive payment from the Trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule §3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2. Confirmation of this Plan does not bar a party in interest from objection to a claim which is not filed in accordance with Federal Bankruptcy Rules §3001 or §3002.

3. Property of the estate includes all the property specified in 11 USC §541 and all property of the kind specified in such section acquired by the debtors after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the debtors remains vested in the estate until completion of the plan.

4. All contractual provision regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

5. Confirmation of the plan shall impose a duty on Real Property Creditors and/or servicers of such Creditors, with respect to application of mortgage and mortgage-related payments, to comply with the provisions of 11 U.S.C. §524(i), new Federal Bankruptcy Rule of Procedure 3002.1 and all Administrative Order(s) of the Bankruptcy Court relating to Arrearages, Administrative Arrearages, Mortgage Payments and Conduit Mortgage Payments. As a result, all Real Property Creditors and/or servicers for such Creditors shall have an affirmative duty to do the following upon Confirmation of the plan:

    A. To refrain from assessing or adding any additional fees or charges to the loan obligation of the Debtor based solely on the pre-petition default;

    B. To refrain from assessing or adding any post-petition additional fees or charges to the loan obligation of the Debtor (including additional interest, escrow and taxes) unless notice of such fees and charges has been timely filed pursuant to the Administrative Orders of the Court, and a proof of claim has been filed and has not been disallowed upon objection of the Chapter 13 Trustee or the Debtor;

6. The Chase Bank Second Mortgage on Debtors' principal residence is wholly unsecured and the Debtors will be filing an adversary proceeding against Chase to strip the mortgage. Debtor's have no personal liability on the debt due to an earlier chapter 7 discharge.

5

**Date:** | **/s/ Robert Lee Jackson**
| Robert Lee Jackson
| Debtor's Signature
**/s/ Todd F. Hertzberg** | **/s/ Kimberly Ruth Jackson**
Todd F. Hertzberg 2008268 | Kimberly Ruth Jackson
Attorney's Signature | Debtor's Signature

6